```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
_____
                              )
YUE ZHANG,                    )
                              )
             Plaintiff,       )
                              )
        v.                    ) Civil Action No. 17-706 (EGS)
                              )
UNITED STATES CITIZENSHIP AND )
IMMIGRATION SERVICES,         )
                              )
             Defendant.       )
_____)
```

### MEMORANDUM OPINION

On August 18, 2015, Yue Zhang filed a naturalization application with the United States Citizenship and Immigration Services ("USCIS"). Compl., ECF No. 1 at 1; Decl. of Kimberly J. Zanotti ("Zanotti Decl."), ECF No. 4-1 ¶ 2. As part of the application process, USCIS interviewed her on December 21, 2015. Compl., ECF No. 1 at 1; Zanotti Decl., ECF No. 4-1 ¶ 3. In March 2016, USCIS issued Ms. Zhang a Notice of Intent to Deny ("NOID") her application and gave her 30 days to file a rebuttal to that NOID. Zanotti Decl., ECF No. 4-1 ¶ 4. Ms. Zhang submitted her rebuttal in April 2016. Zanotti Decl., ECF No. 4-1 ¶ 5; *see* Pl.'s Opp. to Def.'s Mot. to Remand to USCIS ("Pl.'s Opp."), ECF No. 6 at 1.

Ms. Zhang then heard nothing further from USCIS concerning her application, so on April 18, 2017, proceeding *pro se*, she initiated this lawsuit pursuant to 8 U.S.C. § 1447(b). *See*

1

Compl., ECF No. 1 at 1-2. Ms. Zhang requests that the Court "grant [her] . . . citizenship" as soon as possible. *Id.* at 2. Ms. Zhang has also moved the Court to expedite her case. Pl.'s Mot. to Expedite, ECF No. 3. USCIS opposes that motion and has moved the Court to remand this matter to USCIS so that USCIS can expeditiously render a final decision concerning Ms. Zhang's application. *See* Def.'s Mot. for Remand and Opp. to Pl.'s Mot. to Expedite ("Def.'s Mot."), ECF No. 4 at 1. USCIS has represented to the Court that it will issue such a decision within 21 days of the Court remanding this matter. Zanotti Decl., ECF No. 4-1 ¶ 8. Ms. Zhang opposes remand because USCIS has not promised that its final decision will result in her attaining citizenship. Pl.'s Opp., ECF No. 6 at 1. For the reasons that follow, the Court **DENIES** Ms. Zhang's motion to expedite and **GRANTS** USCIS's motion to remand.

If USCIS fails to render a decision concerning a naturalization application before the end of the 120-day period after the date on which the "examination" of the applicant called for by 8 U.S.C. § 1446 is conducted, an applicant may apply to the appropriate district court "for a hearing on the matter." 8 U.S.C. § 1447(b). USCIS concedes that the relevant "examination" took place when USCIS interviewed Ms. Zhang on December 21, 2015. *See* Def.'s Mot., ECF No. 4 at 2. Thus there is no dispute that more than 120 days have elapsed since the

2

"examination" and, accordingly, that § 1447(b) vests this Court with "jurisdiction over the matter." *See* 8 U.S.C. § 1447(b). Even so, § 1447(b) provides that when a district court has jurisdiction it "may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter." *Id.* "Thus, it is entirely within the discretion of the court to either deny the motion to remand . . . or grant the motion to remand and allow the naturalization petition to be adjudicated by the USCIS." *Abusamhadneh v. Napolitano*, No. 10-111, 2010 WL 1734772, at *1 (E.D. Va. Apr. 26, 2010). "The vast majority of district courts remand lawsuits filed under § 1447(b) for USCIS to decide in the first instance whether to grant or deny an application for naturalization." *Gill v. Crawford*, No. 15-1633, 2016 WL 880952, at *1 (E.D. Cal. Mar. 8, 2016). This Court joins that majority here.

Remand makes sense in this instance first and foremost for reasons of agency expertise. "Generally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam). "This principle has obvious importance in the immigration context." *Id.* at 16-17. And this principle is readily applicable here: USCIS is better equipped than this Court to make a decision concerning a naturalization application, at least in the first instance. *See Rashid v. Dep't*

3

*of Homeland Sec.*, No. 14-2109, 2017 WL 1398847, at *2 (E.D. Cal. Apr. 19, 2017) ("USCIS is better equipped to handle these cases and has more expertise than district courts in adjudicating applications."); *Manzoor v. Chertoff*, 472 F. Supp. 2d 801, 808 (E.D. Va. 2007) (explaining that "the review of the results of the mandatory background checks and any follow-up questioning of an applicant are best left to [US]CIS").

Additionally, given that USCIS has informed the Court that it will render a final decision concerning Ms. Zhang's application within 21 days of remand, *see* Zanotti Decl., ECF No. 4-1 ¶ 8, the most efficient disposition of the application is to remand to USCIS. The prompt decision that USCIS has promised to render strongly weighs in favor of remand. *See Rashid*, 2017 WL 1398847, at *2 ("In the few cases where a district court opted to adjudicate the matter itself, . . . the defendants failed to assure the court that a swift decision could be made on remand.").

That USCIS's ultimate decision might be to deny Ms. Zhang's application does not weigh against remand. *See* Pl.'s Opp., ECF No. 6 at 1. If USCIS's decision turns out to be unfavorable to Ms. Zhang, she "may request a hearing before an immigration officer," *see* 8 U.S.C. § 1447(a), and then, in the event that the decision remains unfavorable, she may seek *de novo* review in the appropriate district court. *See* 8 U.S.C. § 1421(c).

Accordingly, for the foregoing reasons, the Court **DENIES** Ms. Zhang's motion to expedite and **GRANTS** USCIS's motion to remand. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            July 26, 2017**